### IN RE ARCHIBALD HERRON.

Argued June Term, 1909—Decided July 16, 1909.

A prisoner in the state prison, under sentence of death, is not entitled to his discharge therefrom because upon an inquiry by the trial court it was found that at that time his mental condition was inconsistent with his execution.

On *habeas corpus*.

Before Justices REED, BERGEN and VOORHEES.

For the petition, *Charles T. Cowenhoven.*

For the state, *Theodore B. Booraem*, prosecutor of the pleas for Middlesex county.

The opinion of the court was delivered by

REED, J. Archibald Herron was convicted in Middlesex

County Court of Oyer and Terminer of murder in the first degree, and sentenced to the punishment of death. Subsequently, an inquiry was entertained by the trial court into the mental condition of the condemned defendant, for the purpose of ascertaining whether he was afflicted with a mental disorder of a degree and type, which, by the rules of common law, was inconsistent with his execution. The trial court found that he was so afflicted, and by its order remanded the prisoner to the custody of the keeper of the state prison with a reprieve until a further order of the court.

The defendant's counsel has sued out this writ to test the right of the keeper of the state prison to retain the defendant in his custody.

The disposition of the defendant, whose execution has been so arrested because of his mental derangement, is the question now presented. It is quite manifest that he cannot be sent to an asylum for the insane.

It was stated in the opinion delivered *In re Herron,* 48 *Vroom* 315, that the finding by the trial court that a person sentenced to death was so mentally deranged that his execution should be arrested, afforded the prisoner only a temporary immunity, and that upon the prisoner recovering the requisite degree of sanity, he could then be executed.

*In re Hadfield,* reported in 27 *St. Tr.* 1281, it was considered that even in the case of an acquittal on the ground of insanity, that all the trial court could do in the absence of some statutory authority, was to remand the prisoner to the prison whence he came. There is no statutory authority in this state for the imprisonment of a prisoner sentenced to capital punishment in any place other than the state prison.

It was decided *In re Herron, supra,* that the insanity of such a prisoner could not be decided under section 13 of the act of July 5th, 1906 (*Pamph. L., p.* 722), which statute provides for the removal of imprisoned convicts to a hospital for the insane. There is no other statute in this state which permits the transfer of such a prisoner from the state prison to an asylum. It follows therefore that the prisoner must re-

main in the custody of the keeper of the state prison or be entirely discharged from imprisonment. The latter course is unrecognized by any practice at common law, and is inconsistent with the fact that the sentence of the prisoner is only temporarily arrested.

It is inconsistent with the provisions of the Electrocution act. *Pamph. L.* 1906, *p.* 112. By this statute it is enacted that the keeper of the state prison is bound to keep the person sentenced to death in confinement after the warrant of the presiding judge of the trial court is received by him. It further enacts that if the execution of the sentence within the time appointed shall, by any cause, be prevented, it shall be the duty of the judge, as soon as such cause ceases to exist, to make out, sign and deliver another warrant. So from the time of the delivery of the first warrant, and with it of the prisoner, to the principal keeper of the state prison, until the infliction of the punishment of death, the person so sentenced shall be kept in confinement, unless he shall be lawfully discharged from such sentence.

The petitioner in this case has not been discharged from his sentence. As already remarked, the execution of the sentence has only been stayed. The prisoner has been reprieved until a further order of the trial court, and further warrant directed to the keeper of the state prison. The prisoner is remanded to the custody of the principal keeper of the state prison.